**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4518

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERMAINE ANTONIO ARMSTRONG,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Terry L. Wooten, District Judge. (CR-04-634)

Submitted: November 28, 2007          Decided: December 13, 2007

Before WILLIAMS, Chief Judge, and GREGORY and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wm. Reynolds Williams, WILLCOX, BUYCK & WILLIAMS, PA, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Antonio Armstrong was convicted of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(B)(2000) (Count One); possession with intent to distribute 50 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000) (Count Two); possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000) (Count Three); and use or possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000) (Count Four). He was sentenced to 425 months' imprisonment. Armstrong's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal, but raising as potential issues whether (1) Armstrong received a speedy trial; (2) there is proof Armstrong waived his Miranda rights; and (3) the Government's notices of its intention to use Fed. R. Evid. 404(b) evidence and to seek an enhancement under 21 U.S.C. § 851 (2000) were timely. Armstrong filed two pro se supplemental briefs and we grant him leave to amend his supplemental brief. Finding no reversible error, we affirm.

I.   Speedy Trial

Counsel's and Armstrong's contention that the Speedy Trial Act was violated is without merit.  Under the Speedy Trial Act, an indictment must be filed within thirty days from the date on which a defendant is arrested, 18 U.S.C. § 3161(b) (2000), and the trial must commence within seventy days of the filing date of the indictment or the date of a defendant's initial appearance, whichever is later.  18 U.S.C. § 3161(c)(1) (2000).  Certain delays are excludable when computing the time within which a defendant must be indicted or his trial must commence.   18 U.S.C. § 3161(h)(1)-(9) (2000).  Because Armstrong did not object under the Speedy Trial Act, review is for plain error.  See United States v. Olano, 507 U.S. 725, 732 (1993).

Armstrong was arrested on July 30, 2004, and was indicted on August 24, 2004, within the thirty-day period.  The seventy-day period commenced on August 24, 2004, the date the indictment was returned.  Five days are excluded for the time between Armstrong's counsel's motion to withdraw, filed October 25, 2004, and the date it was disposed of, October 30, 2004.  See § 3161(h)(1)(F) (2000). Thus, the seventieth day under the Speedy Trial Act, was November 8, 2004.  The pretrial conference was held on November 2, 2004, and the jury was impaneled on November 3, 2004, just days after new counsel was appointed for Armstrong and before the seventy-day period expired.   Because Armstrong's new counsel had not had

- 3 -

sufficient time to prepare for trial, the district court scheduled trial for December 6, 2004, with Armstrong's consent. Even though the trial began on December 6, 2004--outside the seventy-day period--the court properly continued the trial to allow Armstrong's newly appointed counsel to adequately prepare. See 18 U.S.C. § 3161(h)(8)(B)(iv) (2000) (providing that a factor to consider in determining whether to grant a trial continuance sua sponte or on a party's motion is whether failing to do so "would deny counsel for the defendant or attorney for the Government the reasonable time necessary for effective preparation.").

To the extent Armstrong claims his Sixth Amendment right to a speedy trial was violated, this claim is without merit. In determining whether a pretrial delay violated a defendant's Sixth Amendment right, a court must balance four considerations: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972). The Supreme Court has explained that the first factor actually involves two inquiries. Doggett v. United States, 505 U.S. 647, 651-52 (1992). The first question is whether the delay is sufficient to trigger a speedy trial inquiry. The Court has answered this question affirmatively when the delay approaches one year. Id. at 651-52 & n.1. Second, courts must consider, together with other relevant factors, "the extent to which the

delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." <u>Id.</u> at 652.

The delay between the return of Armstrong's indictment and his trial was 99 days. Under the reasoning in <u>Doggett</u>, even the combined delay of a little more than three months was not sufficient to trigger examination of the remaining <u>Barker</u> factors.

## II. <u>Miranda</u>

Counsel next argues that Armstrong's statements to police officers should not have been admitted because there is no proof Armstrong waived his <u>Miranda</u>[1] rights before police questioned him. Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires motions to suppress evidence be made before trial. <u>United States v. Wilson</u>, 115 F.3d 1185, 1190 (4th Cir. 1997). Failure to make a motion to suppress before trial constitutes waiver unless the trial court grants relief from the waiver under Rule 12(e) for cause shown. Fed. R. Crim. P. 12(e); <u>United States v. Ricco</u>, 52 F.3d 58, 62 (4th Cir. 1995). Armstrong therefore must show cause for his failure to file a pretrial motion to suppress. Because Armstrong failed to raise the issue of suppression based on alleged <u>Miranda</u> violations prior to or during trial and he does not allege cause for his failure to do so, we find he has waived the issue.

---

[1]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

- 5 -

## III. Rule 404(b) Evidence

Counsel next contends the Government's notice of its intent to introduce Rule 404(b) evidence of other crimes or acts was untimely because Armstrong had requested a notice on September 13, 2004, the Government knew of the evidence prior to the indictment, and the Government did not file its notice until November 30, 2004, just days before trial. We review a district court's determination of the admissibility of evidence under Rule 404(b) for abuse of discretion, applying a four-factor analysis. United States v. Queen, 132 F.3d 991, 995, 997 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990). In order to introduce evidence under Rule 404(b): "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). We find the Government's notice given a week in advance of trial was not untimely.

Armstrong also contends in his pro se brief that the district court erred in admitting the Rule 404(b) evidence because it failed to identify the specific purpose for which the evidence

was admitted.[2]  Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal propensity.  Queen, 132 F.3d at 994-95; United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988).  Such evidence of other crimes or acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Id.  Evidence of prior acts is admissible if the evidence is:  (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect.  Queen, 132 F.3d at 997.

In allowing the evidence, the district court analyzed the criteria set forth in Queen and found the evidence had probative value, was reliable, and was not unfairly prejudicial.  The court noted the evidence was "offered to show motive, intent, I presume plan, common plan and knowledge of the drugs," and gave the jury an appropriate limiting instruction.  We find the record shows the district court adequately identified the purposes for which the Rule 404(b) evidence was admitted.

---

[2]Armstrong does not argue that the evidence itself was inadmissible, only that the district court did not state the specific purpose for which the evidence was admitted.

## IV.  Timeliness of § 851 Notice

Counsel's final argument is that the Government's 21 U.S.C. § 851 (2000) notice was untimely.  To seek enhanced penalties under 21 U.S.C. § 841(b)(1)(A), the Government must file an information giving its notice to seek such penalties prior to trial or the entry of a plea.  See 21 U.S.C. § 851.  The purpose of § 851 is to provide pretrial notice to a defendant that he faces an increased punishment if convicted of a qualifying offense so he has the opportunity to contest the accuracy of the information and sufficient time to understand the full consequences of a guilty plea or verdict.  United States v. Williams, 59 F.3d 1180, 1185 (11th Cir. 1995).  Here, the Government filed its notice on November 3, 2004, the day the jury was impaneled and one month before the trial.  We find the notice was timely.  See United States v. Beasley, 495 F.3d 142, 148-50 (4th Cir. 2007), petition for cert. filed, 76 U.S.L.W. 3226 (U.S. Oct. 23, 2007)(No. 07-548).

## V.  Confrontation Rights

Armstrong argues in his pro se supplemental brief that the district court erred in allowing the Government to present testimony about information received from a confidential informant, in violation of his Sixth Amendment confrontation rights as articulated in Crawford v. Washington, 541 U.S. 36 (2004).  Armstrong did not object to the testimony concerning the informant

at trial, therefore we review for plain error. See Olano, 507 U.S. at 732-34. We may notice an error that was not preserved by timely objection only if the defendant can demonstrate: (1) an error occurred, (2) the error was plain, and (3) the error was material or affected the defendant's substantial rights. Id. at 732-37. Even if the threshold requirements are satisfied, we retain discretion whether to correct the error, which should be exercised only if the "error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

Under Crawford, the Sixth Amendment requires a witness be unavailable and that there be a prior opportunity for cross-examination before testimonial hearsay evidence may be admitted, regardless of the inherent trustworthiness of the statement. Crawford, 541 U.S. at 68. Crawford applies only to testimonial hearsay statements. Id. "[A]n out of court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken." United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985) (citations omitted).

Armstrong challenges the testimony of an investigating officer as to what prompted the investigation of Armstrong's drug offenses. We find the testimony concerning the informant was introduced for the limited purpose of explaining the course of the

police investigation and thus was not a testimonial hearsay statement to which <u>Crawford</u> applies. <u>See</u> <u>Love</u>, 767 F.2d at 1063. Therefore, Armstrong's claim must fail.

VI. <u>§ 924(c) Conviction</u>

Armstrong argues that his conviction for possession of a firearm in furtherance of a drug trafficking crime was invalid because there was insufficient evidence to show that the guns were used for drug trafficking. To establish a violation of 18 U.S.C. § 924(c), the Government must prove that the firearm "furthered, advanced, or helped forward a drug trafficking crime." <u>United States v. Lomax</u>, 293 F.3d 701, 705 (4th Cir. 2002). Factors that might lead a reasonable trier of fact to conclude that the requisite nexus existed between the firearm and the drug offense include: "'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon . . . , whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'" <u>Id.</u> (quoting <u>United States v. Ceballos-Torres</u>, 218 F.3d 409, 414-15 (5th Cir. 2000)). Ultimately, the jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support

a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)(en banc).

In this case, the firearms were discovered in a suitcase with a significant quantity of cocaine and clothes belonging to Armstrong in a motel room he had rented. Armstrong admitted to officers that the suitcase was his and his fingerprints would be on the firearms. We find there was sufficient evidence for a jury to reasonably find Armstrong guilty of violating § 924(c). See United States v. Garner, 338 F.3d 78, 81 (1st Cir. 2003) ("When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun whether kept for protection from robbery of drug-sale proceeds, or to enforce payments for drugs, may reasonably be considered to be possessed 'in furtherance of' an ongoing drug-trafficking crime.").

VII. Career Offender Sentence

Armstrong argues the district court erred in sentencing him as a career offender because two of the predicate offenses were related and should count as one conviction. In order for Armstrong to be designated a career offender, the Government had to establish (1) that he was at least 18 years old at the time of the instant offense, (2) that the instant offense is a felony that is either a "crime of violence" or a "controlled substance offense," and (3) that he had at least two prior felony convictions for either a

- 11 -

"crime of violence" or a "controlled substance offense."  USSG § 4B1.1(a); United States v. Harp, 406 F.3d 242, 245 (4th Cir. 2005).  A controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  USSG § 4B1.2(b).

We find Armstrong's sentence as a career offender was proper because, even if the prior convictions Armstrong contends are related do in fact constitute one criminal episode and thus one predicate offense, Armstrong still has two other predicate offenses that would qualify him as a career offender, both of which were included in the Government's § 851 notice.

We find Armstrong's remaining pro se claims meritless. Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we grant Armstrong's motions to amend his pro se brief and affirm Armstrong's convictions and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that

a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>