

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2008

# USA v. Kelley

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4481

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Kelley" (2008). *2008 Decisions.* Paper 159.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/159

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4481

_____

UNITED STATES OF AMERICA,
                    *Appellee*,

v.

HOWARD KELLEY,
                    *Appellant*.

_____

Appeal from the United States
District Court for the Western District of Pennsylvania
(Cr. No. 05-221)
District Court Judge: Honorable Gary Lancaster

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 21, 2008

_____

Before: FUENTES, HARDIMAN and GARTH, *Circuit Judges*,

(Opinion Filed: December 4, 2008)

_____

**OPINION**

_____

GARTH, *Circuit Judge*:

Defendant-Appellant Howard Kelley ("Kelley") sold crack to a police confidential informant ("CI") during three controlled buys in Pittsburgh. The CI arranged the buys to occur near Kelley's home, which was owned by his mother and grandmother. Police later received a tip from another CI that crack and guns were stored at Kelley's home, and they executed a search warrant on June 21, 2005. Appx. 127-28. Police searched the garage, basement, and storage area, and found several firearms. In the living room, police seized $1,835 in cash and a photograph of Kelley holding a gun in the attic. Appx. 129-31, 173.

The attic room, often referred to as Kelley's bedroom, yielded its own supply of contraband. Police recovered nearly 120 grams of crack. Appx. 142-45. Several large pieces were inside a cigar box on the floor by the bed, and more crack was discovered in a plastic bag underneath the dresser. Appx. 89-92, 111-12. In close proximity to the cigar box, officers discovered plastic baggies, an electronic digital scale with crack residue on it, and rifle ammunition. Appx. 92-95. More crack was discovered in a shoebox on top of the dresser. Appx. 120-21. Leaning next to the dresser was a loaded .223 caliber semi-automatic Ruger rifle; nearby, police found compatible ammunition. Appx. 89-90, 119-21. Police also found multiple articles of mail addressed to Kelley at the address of the home and clothes appearing to fit Kelley. Appx. 95-97, 106.

On July 27, 2005, Kelley was indicted on seven counts: possession with intent to

distribute and distribution of less than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts I-III); possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) (Count IV); possessing, using and carrying a firearm in furtherance of a drug-trafficking crime (namely, Count IV) in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count V); possession of an unregistered firearm in violation of 26 U.S.C. § 5861 (Count VI); and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (Count VII). Counts I through III corresponded to the three drug sales to the CI; Counts IV through VII arose from the search of the house on June 21, 2005.

Kelley pled not guilty to all counts. Following opening statements, Kelley's counsel, Mr. Terrell, filed a motion, nunc pro tunc, to suppress evidence seized from the house. The motion was denied as untimely. Appx. 43-44. Kelley then changed his pleas to Counts I through III to guilty.

A jury trial ensued on Counts IV through VII. After the government rested, Kelley moved for acquittal. The motion was denied. Appx. 162. On July 18, 2007, the jury found Kelley guilty of Counts IV and V, and acquitted him of Counts VI and VII.

On November 16, 2007, Kelley was sentenced to 120 months for Counts I through III, a concurrent 120 months for Count IV, and a consecutive 60 months for Count V, for a total of 180 months imprisonment. Judgment was entered on November 20, 2007.

With new counsel, Kelley moved for acquittal based on insufficiency of the

evidence and for a new trial because of various alleged evidentiary errors, and presented an argument challenging the effectiveness of his trial counsel's assistance. The District Court denied the motion and Kelley timely appealed. We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 18 U.S.C. § 3231.

I.

Kelley argues that his trial counsel provided ineffective representation due to four alleged prejudicial errors: (1) failure to timely file a motion to suppress; (2) "opening the door" on cross-examination for a prosecution witness to discuss the previously excluded photograph of Kelley; (3) "opening the door" to a detective's testimony about Kelley's arrival at the house during the search; and (4) calling Kelley and Kelley's mother as witnesses. Kelley's Br. 13-14.

"It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack. Nonetheless, we have held that we may address the claim of ineffective assistance of counsel on direct appeal when the record is sufficient to allow determination of the issue." United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003)(internal citations omitted). Kelley argues that the exception applies. We do not agree.

As to the suppression motion, which was not made until after opening statements, the motion itself says: "The instant motion was not filed prior hereto based upon the belief that no relief was tenable." Appx. 37. Terrell may have had a reason for not filing

-4-

the motion earlier, but the record does not disclose it. We agree that the suppression motion should have been denied.

The photograph at issue showed Kelley holding a gun. It was produced on redirect when the government examined the detective as a result of Terrell's inquiry made on cross-examination if the detective had found any other items, and the detective admitted that he had. Terrell objected to the photograph being admitted but was overruled. The trial record does not disclose why Terrell made his initial inquiry, although that information could be forthcoming in a collateral proceeding.

The same is true for counsel's "opening of the door" to testimony about Kelley arriving at the scene. Terrell asked Detective Emory whether he saw anyone try to enter or leave the property during the search. Appx. 126-27. On redirect, the witness testified that Kelley pulled into the driveway in a Cadillac and then sped away after seeing police.[1] The record is unclear, however, as to Terrell's reason for eliciting this testimony.

Nor does the trial record disclose Terrell's strategy in calling witnesses. Kelley's defense was lack of knowledge of the contraband and lack of control of the house. Kelley and his mother testified about these subjects. The trial record provides no insight into Terrell's weighing the benefits of the testimony against potentially damaging cross-examination.

To consider Kelley's ineffective assistance claim now would require too much

---

[1] Kelley alleges that he never came to the house and does not own a Cadillac.

speculation.  Thus, "we will deny [Kelley's] claim of ineffective assistance of counsel without prejudice to his right to raise this claim on a collateral attack brought pursuant to 28 U.S.C. § 2255."  United States v. Thornton, 327 F.3d 268, 272 (3d Cir. 2003).

## II.

Next, we address Kelley's assertion that the District Court erred in denying his post-trial motion for acquittal.  We review post-verdict motions for judgment of acquittal de novo and "[o]ur standard . . .  is the same as that which the trial court applied.  We must view the evidence in the light most favorable to the jury verdict and presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences.  'The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.'"  United States v. Iafelice, 978 F.2d 92, 94 (3d Cir. 1992)(internal citations omitted).

The essential elements under 21 U.S.C. § 841(a)(1) are (1) knowing possession of a controlled substance and (2) intent to distribute it.  United States v. Bobb, 471 F.3d 491, 497 (3d Cir. 2006).  Possession can be actual or constructive.  Constructive possession exists if a defendant knowingly was in a position or had a right to exercise "dominion and control" over the contraband.  United States v. Martorano, 709 F.2d 863, 866 (3d Cir. 1983).[2]

The essential elements of a violation of section 18 U.S.C. § 924(c)(1)(A)(i) are (1)

---

[2]  "Dominion and control" means the "ability to reduce an object to actual possession."  Martorano, 709 F.2d at 869.

the defendant committed the crime of possession with intent to distribute; (2) "the defendant knowingly possessed a firearm"; and (3) such possession was "in furtherance of the crime of possession with intent to distribute." Bobb, 471 F.3d at 496. The government must prove the firearm was possessed to advance or promote criminal activities, looking at such factors as "the type of drug activity . . ., accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession . . ., whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id. (citation omitted). "Under § 924(c), the 'mere presence' of a gun is not enough." United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004).

Kelley lived and slept in the room where the drugs and rifle were found. Appx. 95-97, 106, 119-21, 136-38, 142-45, 168, 179. Clothes that fit Kelley and mail addressed to Kelley were found in that room. Appx. 95-97, 106. Police seized the same type of drug that Kelley used in three controlled buys, and found baggies and a scale in the room. The drugs in the attic were hidden.[3] No one else in the house used or sold crack, and Kelley was unable to identify who else the items belonged to.[4] The gun was in close proximity both to where Kelley lived and to where he stored his drugs. Appx 119-21.

---

[3] "The kind of evidence that can establish dominion and control includes . . . evidence that the defendant attempted to hide" drugs. United States v. Jenkins, 90 F.3d 814, 818 (3d Cir. 1996).

[4] Even so, "dominion and control need not be exclusive but may be shared with others." United States v. Davis, 461 F.2d 1026, 1035 (3d Cir. 1972).

In United States v. Brown, 3 F.3d 673 (3d Cir. 1993) and United States v. Jenkins, 90 F.3d 814 (3d Cir. 1996), we overturned convictions of defendants who were merely in close physical proximity to contraband. On the other hand, we found constructive possession in Martorano, 709 F.2d at 869, when the defendant had keys to a van containing drugs, and in United States v. Iafelice, 978 F.2d 92, 95-98 (3d Cir. 1992), where the defendant owned the vehicle that transported the drugs, and engaged in other suspicious activity.

This case, unlike Brown and Jenkins, involves more than mere proximity, and there was sufficient evidence for a jury to find that Kelley knew of and had dominion and control over the drugs at issue and the firearm for constructive possession.

We also hold that a jury could find that the gun was possessed "in furtherance" of the drug crime. See Bobb, 471 F.3d at 496. Kelley need not have "carried" or "used" the gun in drug deals. See United States v. Garner, 338 F.3d 78, 81 (1st Cir. 2003). The Ruger was found close to the drugs; it was readily accessible; the gun, a large semi-automatic rifle, could not have been used for hunting, Appx. 125; Kelley did not have a license, Appx. 157; and the gun was loaded. Kelley's argument that insufficient evidence was adduced is meritless.

## III.

Kelley also argues that he is entitled to a new trial because the District Court erred in admitting the photograph showing Kelley with a gun that had previously been excluded

as prejudicial. Appx. 44. We have referred to this evidentiary problem <u>supra</u> in discussing Kelly's claim that he was ineffectively represented at trial. "[W]e review evidentiary rulings for abuse of discretion . . . ." <u>United States v. Brink</u>, 39 F.3d 419, 425 (3d Cir. 1994).

The District Court did not abuse its discretion in admitting the photograph showing Kelley with a gun because Kelley's counsel had opened the door to its admission. <u>See</u> <u>United States v. Sheeran</u>, 699 F.2d 112, 119 (3d Cir. 1983). There was already significant evidence tying Kelley to the drugs and the gun, and we would be hard pressed to say that this one photograph provided the basis for the jury to connect Kelley to the gun.

We will affirm the District Court's judgment.