FILED
United States Court of Appeals
Tenth Circuit

June 17, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JULEUS JUDKINS,

    Defendant - Appellant.

No. 24-1088
(D.C. No. 1:21-CR-00055-WJM-1)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

The Fourth Amendment requires that search warrants for electronic information contain some limiting principle. Law enforcement's search warrant for Defendant Juleus Judkin's cellphone had just that: it limited officers to searching for electronic information related to drug trafficking. In executing the warrant, officers uncovered electronic evidence showing Defendant had dealt drugs several times in the past. This information, along with a firearm, drugs, drug paraphernalia, and other physical evidence law enforcement found on the scene, established Judkins's guilt before a jury, which convicted him of drug trafficking and possessing a firearm in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

furtherance of that drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). Defendant appeals his conviction, arguing law enforcement's warrant was overbroad and violated the Fourth Amendment.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On September 4, 2020, Aurora police officers observed Defendant Juleus Judkins drive past them. They recognized him, recalled he had active arrest warrants, and followed him to an apartment complex. Officers observed him enter an apartment for a few hours and emerge with a woman. Before reentering his vehicle, Defendant looked around, then reached for something under his seat.

The officers followed Defendant to a nearby restaurant. When they arrived, Defendant's female companion entered the restaurant, but Defendant stayed in the car. The officers called a SWAT team, which rammed Defendant's car to stop Defendant from driving away. Defendant fled on foot into the restaurant, dropping his phone on the ground in the process. Officers pursued him into the restaurant and arrested him. Defendant told officers he had cocaine in his pocket. Officers searched the car and recovered money, drugs, scales, two cellphones, and a loaded handgun from the car's floor.

Officers sought and obtained a search warrant for Defendant's phone. The warrant authorized officers to search seventeen categories of information on Defendant's phone, including his contact list, call logs, location data, internet history, social media accounts, and "any and all information related to the purchase,

2

production, sale, or manufacture of controlled substances." Officers found evidence on the phone of past drug deals, including one Defendant had arranged while sitting in the car outside the restaurant.

At trial the government presented phone evidence from two days before Defendant's arrest demonstrating he had dealt drugs. Defendant moved to suppress the phone evidence, but the district court denied his motion. This, combined with other digital evidence, the drug paraphernalia, his possession of cocaine, and the loaded firearm, ostensibly led a jury to convict Defendant under 21 U.S.C. § 841 (possession with intent to distribute), 21 U.S.C. § 843(b) (use of a telephone in the commission of a felony drug offense), and 18 U.S.C. § 924(c)(1)(A) (possession of a firearm in furtherance of a drug offense). Defendant's presentence report ("PSR") stated he still affiliated with the Crips gang. He objected to the PSR, but the government presented evidence of Defendant's YouTube channel—which contained rap music videos in which Defendant flashed gang signs and used language associated with the Crips. The district court overruled Defendant's objection and sentenced Defendant in total to 70 months' imprisonment.

Defendant then appealed the district court's denial of his motion to suppress, whether a reasonable jury had sufficient evidence to find he possessed a gun in furtherance of a drug crime, and the district court's reliance on the YouTube videos for his gang affiliation. We address each argument in turn.

II.

When reviewing a district court's denial of a motion to suppress, "we view the evidence in the light most favorable to the government, accept the district court's findings of fact unless they are clearly erroneous, and review de novo the ultimate question of reasonableness under the Fourth Amendment." United States v. Cortez, 965 F.3d 827, 833 (10th Cir. 2020) (quoting United States v. McNeal, 862 F.3d 1057, 1061 (10th Cir. 2017)).

The Fourth Amendment allows judges to issue search warrants only if they are supported by probable cause and "particularly describ[e] the place to be searched, and the persons or things to be seized." United States v. Otero, 563 F.3d 1127, 1131 (10th Cir. 2009) (quoting U.S. Const. amend. IV). This particularity requirement "ensures that the search will be carefully tailored to its justifications and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." Id. at 1131–32 (quoting Maryland v. Garrison, 480 U.S. 79, 84 (1987)). "[W]hether a search warrant is sufficiently particular depends in part on the nature of the crimes being investigated." United States v. Cooper, 654 F.3d 1104, 1127 (10th Cir. 2011). For electronic search warrants, the particularity requirement is "that much more important." Otero, 563 F.3d at 1132 (citing United States v. Riccardi, 405 F.3d 852, 863 (10th Cir. 2005)). The "Fourth Amendment requires warrants for computer searches to 'affirmatively limit the search to evidence of specific . . . crimes or specific types of material.'" United States v. Palms, 21 F.4th 689, 698 (10th Cir. 2021) (quoting Otero, 563 F.3d at 1132).

4

A.

Defendant claims first that when law enforcement arrested him, the government lacked probable cause to believe he dealt drugs on a large scale. So, he argues, the district court erred in denying his motion to suppress and its decision must be reversed. We disagree.

Defendant did not challenge the warrant's underlying probable cause before the district court, so he forfeited the issue. When a party forfeits an issue by not raising it before the district court, he must meet our rigorous plain error standard to prevail on appeal. Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1128 (10th Cir. 2011). And, where a party who forfeits an issue fails to argue for plain error on appeal, he waives the issue. McKissick v. Yuen, 618 F.3d 1177, 1189 (10th Cir. 2010).

Defendant waived his probable cause claim because he does not argue for plain error and does not make a plain error argument in response to the government's brief. So we decline to hear it. Richison, 634 F.3d at 1130–31.

B.

Defendant next argues the district court erred in denying his motion to suppress the government's phone evidence at trial, because the search warrant that authorized seizing data from his phone lacked particularity. He claims the search warrant was so broad that "nothing on the phone [] will escape the Government's search and its seizure." The thrust of this argument appears to be that the warrant is

5

unreasonable because it contains no limiting principle.  But we have often upheld similar search warrants as reasonable.

In Palms, for example, the defendant argued that the district court erred in denying his motion to suppress because the warrant authorizing the search of his cellphone lacked the particularity the Fourth Amendment requires.  21 F.4th at 694. The warrant in that case allowed law enforcement to extract a "byte-for-byte copy of the cell phone with data and metadata."  Id. at 695.  Law enforcement looked at everything, but when they "saw something unrelated to the crime," they "moved on quickly."  Id.  Even though "the warrant was not limited to any specific types of materials," we held "[s]uch a broad authorization is permissible under our precedent, so long as the warrant contained some 'limiting principle.'"  Id. at 698 (citing United States v. Russian, 848 F.3d 1239, 1245 (10th Cir. 2017)).  We concluded that an appropriate limiting principle could be as simple as limiting the information law enforcement can search to evidence related to the crime of conviction.  Id. (upholding a warrant limited to "all digital evidence stored on removable storage and magnetic or electronic data contained in the contents of such tablet, cell phone, laptop, camera and/or memory cards," so long as it related to human trafficking, the crime of conviction); see, e.g., United States v. Christie, 717 F.3d 1156, 1165 (10th Cir. 2013) (holding a warrant was particular because it authorized a search only for information "related to the murder, neglect, and abuse" of a child, the crime of conviction); United States v. Brooks, 427 F.3d 1246, 1252–53 (10th Cir. 2005) (holding a warrant was particular because it authorized a computer search "for evidence of child

6

pornography," the crime of conviction); United States v. Loera, 923 F.3d 907, 912, 919–920 (10th Cir. 2019) (holding a warrant was particular because it authorized a computer search for "[a]ll records, in any form, relating to violations of [computer fraud], involving [defendant]").

The cases addressing this issue in our Circuit demonstrate that the warrant in this case is sufficiently specific. We do not hold warrants to a "hyper-technical" level of particularity; if a warrant contains some "limiting principle," it is sufficiently particular. Otero, 563 F.3d at 1132; Palms, 21 F.4th at 698. Here the warrant limited officers to searching for "evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of Title 21, United States Code, Sections 841, 843(b), and Title 18, United States Code, Section 924(c)(1)(A)." Although broad, this search warrant contained a sufficient limiting principle. We do not "expect a warrant prospectively [to] restrict the scope of a search by directory, filename or extension or to attempt to structure search methods." Loera, 923 F.3d at 917 (quoting United States v. Burgess, 576 F.3d 1078, 1093 (10th Cir. 2009)). Indeed, as in Palms, the warrant contains a sufficient limiting principle because it limits law enforcement to information related to the statutes of conviction. 21 F.4th at 699 (quoting United States v. Le, 173 F.3d 1258, 1275 (10th Cir. 1999)).[1]

---

[1] Defendant additionally suggests that the warrant lacked temporal limitations. But he points to no precedent requiring a temporal limitation and, other than commenting that a temporal limitation could satisfy the particularity requirement, does not develop an argument in favor of or requiring such a limitation. Therefore, to the extent Defendant's stray commentary suggests the district court erred by not requiring a temporal limitation in the warrant, we do not reach the argument.

III.

Defendant also challenges his conviction under 18 U.S.C. § 924(c)(1)(A), which prohibits a person from possessing a firearm in furtherance of a drug-trafficking crime.  We review sufficiency-of-the-evidence challenges de novo, giving "considerable deference to the jury's verdict."  United States v. King, 632 F.3d 646, 650 (10th Cir. 2011) (quoting United States v. Mullins, 613 F.3d 1273, 1280 (10th Cir.), cert. denied, 562 U.S. 1035 (2010)).  We consider only whether the evidence—direct and circumstantial, with reasonable inferences drawn in the light most favorable to the government—is strong enough that "a reasonable jury could find the defendant guilty beyond a reasonable doubt."  Id. (quoting United States v. Jameson, 478 F.3d 1204, 1208 (10th Cir. 2007)).

Here, no party suggests that Defendant physically possessed a firearm.  The dispute, instead, is whether he *constructively* possessed the firearm in furtherance of his drug crime.  A defendant constructively possesses an item when he has "the power to exercise control and dominion over the item."  United States v. Lopez, 372 F.3d 1207, 1212 (10th Cir. 2004)) (quoting United States v. Culpepper, 834 F.2d 879, 881 (10th Cir. 1987)).  He need not have actually "exercise[d] dominion or control over the contraband," so long as he had an "appreciable ability" to exercise dominion or control.  King, 632 F.3d at 652 (quoting United States v. Al-Rekabi, 454 F.3d 1113, 1118 (10th Cir. 2006)).  This is a decades-settled rule in this Circuit.  See, e.g., id.; Lopez, 372 F.3d at 1211–12 (quoting Culpepper, 834 F.2d at 881); Amaya v. United States, 373 F.2d 197, 199 (10th Cir. 1967).  Here, Defendant physically

8

possessed the car and clearly had the power to exercise dominion or control over the items in it, including the gun and drug paraphernalia. All he had to do was bend down and pick up the gun from the car's floor. See United States v. Basham, 268 F.3d 1199, 1207 (10th Cir. 2001) (listing "accessibility of the firearm" as a factor in determining possession). Thus the jury reasonably concluded Defendant possessed the firearm law enforcement found in his vehicle, so the district court did not err.

We next inquire whether Defendant possessed the firearm "in furtherance of" his drug trafficking. To meet § 924(c)(1)(A)'s "in furtherance" requirement, the weapon must further, promote, or advance a drug-trafficking crime. King, 632 F.3d at 655 (quoting United States v. Luke-Sanchez, 483 F.3d 703, 706 (10th Cir. 2007)). While "it is highly unlikely the presence of [a firearm] in a car containing a large amount of [narcotics] [is] merely coincidental," the mere presence of a firearm "where a criminal act occurs is not a sufficient basis for imposing" a sentence under § 924(c)(1)(A). Id. (first quoting United States v. McKissick, 204 F.3d 1282, 1293 (10th Cir. 2000); and then quoting United States v. Iiland, 254 F.3d 1264, 1271 (10th Cir. 2001)). Instead, when determining whether a Defendant used a firearm to further, promote, or advance a drug crime, we evaluate a list of nonexclusive factors, including circumstantial evidence: "the type of drug activity being conducted, the accessibility of the firearm, the type of firearm, the legal status of the firearm, whether the firearm is loaded, the proximity of the firearm to drugs or drug profits, and the time and circumstances under which the firearm is found." Id. (quoting

9

United States v. Trotter, 483 F.3d 694, 701 (10th Cir. 2007), vacated on other

grounds, 483 F.3d 694 (2008)).

Here, law enforcement recovered the handgun from the car's floor, within easy

reaching distance from Defendant.  The handgun was loaded and near drugs and drug

paraphernalia.  Defendant admitted carrying drugs, and the government put forward

ample evidence Defendant dealt drugs.  All these factors together support the jury's

conclusion that Defendant possessed a firearm in furtherance of a drug crime.

Our precedent requires that we affirm the jury's verdict.  In King, we affirmed

a § 924(c)(1)(A) conviction when a defendant had a loaded rifle in his car trunk next

to a large amount of marijuana.  632 F.3d at 656.  In Trotter, we affirmed a

§ 924(c)(1)(A) conviction when a defendant had a loaded handgun in a storage unit

near drugs.  483 F.3d at 701–02.[2]  And in United States v. Basham, we affirmed a

§ 924(c)(1)(A) conviction when a defendant had an unloaded handgun in a toolbox

next to bags of methamphetamine.  268 F.3d 1199, 1203, 1208 (10th Cir. 2001).

Because ample precedent supports the reasonableness of the jury's determination that

---

[2] Our sister circuits agree.  See, e.g., United States v. Sparrow, 371 F.3d 851, 853–54 (3d Cir. 2004) (affirming a § 924(c)(1)(A) conviction when a defendant had stashed a loaded handgun under the floor with drugs); United States v. Garner, 338 F.3d 78, 80–81 (1st Cir. 2003) (affirming a § 924(c)(1)(A) conviction when a defendant had stored a handgun with a stash of drugs hidden in a basement wall); United States v. Ceballos-Torres, 218 F.3d 409, 411, 415 (5th Cir. 2000) (affirming a § 924(c)(1)(A) conviction when a defendant had a loaded handgun in plain view on his bed and drugs stashed in the closet).

Defendant possessed the firearm in furtherance of his drug trafficking, we reject

Defendant's sufficiency of the evidence challenge.[3]

IV.

At sentencing, Defendant objected to the PSR and sought a downward variance

based on his upbringing and his desire to be with his family.  The district court

overruled the objection, however, and imposed a 70-month sentence based on

Defendant's drug-dealing, firearm possession and placement, and ongoing gang

affiliation.  Defendant claims the district court erred when it affirmed the PSR's

allegation that Defendant had a continuing connection to the infamous Crips gang

using video evidence from YouTube.

We review district court factual findings for clear error.  United States v.

Lozano, 921 F.3d 942, 946 (10th Cir. 2019) (citing United States v. Eaton, 260 F.3d

1232, 1237 (10th Cir. 2001)).  Factual findings are clearly erroneous if—viewed in

the light most favorable to the government—they "are without factual support in the

record," or if, considering all the evidence, we are "left with a definite and firm

conviction" the district court erred.  Id. (citing United States v. Zar, 790 F.3d 1036,

1046 (10th Cir. 2015)).  "[W]e must be convinced that the sentencing court's finding

is simply not plausible or permissible in light of the entire record on appeal," and we

do not "substitute our judgment" for the district court's.  United States v. Torres, 53

---

[3] Defendant claims that although he may have possessed the firearm, he has a
Second Amendment right to carry it under District of Columbia v. Heller, 554 U.S.
570, 628 (2008).  But he never challenges § 924(c)(1)(A)'s constitutionality, so we
do not reach Defendant's Second Amendment argument.

11

F.3d 1129, 1144 (10th Cir. 1995) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).

When the district court overruled Defendant's objections, it cited the YouTube videos as one reason it found Defendant had an ongoing gang affiliation. Defendant contends the district court erred in considering the YouTube videos as evidence of his continued gang affiliation. But he cites no case law nor gives any reasons barring the district court from considering such evidence, so we conclude the district court did not abuse its sentencing discretion. And even if we assumed the district court did err in considering the videos, the entire record on appeal still supports the district court's sentence. In addition to the district court's consideration of the § 3553(a) factors, it also found that the record contained evidence showing Defendant was an armed (i.e., possessed a firearm) "drug dealer" who for years sold "cocaine, methamphetamine, and marijuana into his community." This conclusion is amply supported by the record. So even if we ignore the district court's interpretation of gang signs in Defendant's YouTube rap video, the record as a whole contains evidence sufficiently demonstrating that the district court imposed a permissible sentence.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

12